LOUISVILLE, CINCINNATI & LEXINGTON R. Co. *v.* S. A. RAMSEY.

[Abstract Kentucky Law Reporter, Vol. 3—385.]

**Filing Amended Complaint.**

Where a defendant makes no objections to the filing of an amended complaint in the court below, it is too late for him to raise the question for the first time in this court.

**Weighing Evidence.**

>   The trial jury who have an opportunity to note the eye, tone and
>   facial expression, countenance and whole bearing of the witnesses
>   can form a more correct idea of the value·to be placed upon their
>   credibility than can the Court of Appeals, and this court will not re-
>   verse on the mere weight of the evidence.

## APPEAL FROM CLARK COURT OF COMMON PLEAS.

### October 20, 1881.

OPINION BY JUDGE HARGIS:

The case is here on appeal the second time. Without giving
a history of the facts, we deem it sufficient to dispose of the
assignments of error in the order they are made.

There are no objections to the filing of the amended petition
on February 12, 1880, and it is too late to raise the question here
for the first time. We may add that the amended petition did
not set up a new cause of action, but so extended and completed
the original cause of action as to include the grounds on which
a recovery for one-half' the value of part of the stock killed
could be had, notwithstanding an inability on the part of appellee
to prove negligence. · *Louisville, Cincinnati & Lexington R. Co.
v. Case's Admr.,* 9 Bush (Ky.) 28. The demurrer to the plea of
limitations pleaded by appellant was therefore properly sustained.

The testimony of 'Clinkenbeard, as to the speed· of the train on
the night and at the time the stock was killed, was relevant, and
tended to prove negligence by the defendant company's employés.
He testified that the train, when the stock was killed and injured
by it, had on it General Williams and his friends as passengers;
that they were returning from Frankfort where he had just been
elected United States Senator. A brass band was accompanying
the party, and persons were firing Roman candles, and he judged
from the way the sparks or balls flew that they were going
faster than usual.

From all the circumstances detailed by the witness a strong
probability of the correctness of his statement is created. Al-
though the employés of the appellant company are introduced
as witnesses to negative the prima facie evidence of carelessness
established by the proof of the killing and damaging of the stock,
they do not altogether do so in the absence of Clinkenbeard's

evidence. The jury saw them, and had an opportunity to note the eye, tone and facial expression, countenance and whole bearing of the several witnesses, and could from these guides form a reasonably correct estimate of the value to be placed upon the credibility of each, and if they believed Clinkenbeard, as they are supposed to have done, we see no ground for disagreeing with them, or disturbing the verdict in any particular for the want of sufficient evidence to support it.

It is not necessary for a witness to understand engineering or the management of railroad trains in order to render him competent to testify to the speed of a train, or make him capable of knowing when it is running faster than the usual rate, or than safety requires.

The value of property in the open market as testified to by witnesses is not the only criterion for fixing the value of the property killed and injured by the appellant. The jury had a right to apply their knowledge of the value of property gained from such experience as comes to all men from the ordinary transactions of life, and also to consider the evidence of value given by farmers and traders and other witnesses, although not acquainted with the actual state of the market, as they were permitted to do in this case, in making up their verdict. There is sufficient evidence to sustain the value found in the special verdict.

After a careful examination of the instructions given and rejected we find they are counterparts, in substance, of those given and refused on the former trial, and the action of the court in regard to the instructions on the former trial having been approved by this court in the opinion delivered on the first appeal, we see no reason for overruling that decision.

The fifth instruction given on the first trial was decided to be erroneous, but the reason for so holding that then existed no longer exists, the amendment and evidence having made it proper on the second trial. The other errors assigned are included of necessity in the above views.

Wherefore the judgment is *affirmed*.

*Geo. B. Nelson, for appellant.*

*W. M. Beckner, for appellee.*